**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| LEON SZYMANSKI, | ) | FILED: FEBRUARY 2, 2009 |
| Plaintiff, | ) | 09CV647 |
| v. | ) | JUDGE HIBBLER |
|  | ) | MAGISTRATE JUDGE DENLOW |
| PORTFOLIO RECOVERY ASSOCIATES, INC. | ) | AO |
| CITICORP CREDIT SERVICES (USA), and | ) | Jury Demanded |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) |  |
| Defendants. | ) |  |

## COMPLAINT

1.      Leon Szymanski ("Plaintiff") files this complaint to secure redress for defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* for improperly reporting debts that plaintiff had settled and satisfied, as showing a current balance and/or current late and inadequately reinvestigating plaintiff's disputes thereof.

## PARTIES

2.      Plaintiff is an individual who resides in this district.

3.      Defendant Portfolio Recovery Associates, Inc. ("PRA") is a debt collection company and frequent participant in the booming secondary consumer debt market.  Its offices are located in 120 Corporate Boulevard, Norfolk, Virginia 23502.

4.      Defendant Citicorp Credit Services, Inc. (USA) ("Citi") is a Delaware corporation with a registered agent at CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

5.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency.  Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St., Suite 814, Chicago, Illinois 60604.

## JURISDICTION

6.      This Court has federal question jurisdiction to hear this case under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681p and 1692k.

7.      Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTS

8.      Plaintiff Szymanski fell behind on some of his bills, and paid off his debts around summer 2008.

9.      Szymanski obtained copies of his credit reports and noticed that, several creditors were misreporting the debts that he had previously settled.

10.      Sometime in late July or early August, 2008, Szymanski sent a detailed dispute letter to defendant Experian disputing several tradelines.

11.      Two of the tradelines plaintiff disputed were PRA tradlines concerning credit card debts originally owed to MBNA with card numbers that began with 4264 and 5490, and another tradeline plaintiff disputed concerned a Citibank credit card beginning with 4428.

12.      Plaintiff included the following proof of his settlement of these three debts in his dispute letter to Experian:

a. A letter from PRA's lawyers, Phillips and Cohen Associates, Ltd from July 28, 2008, concerning the PRA account beginning with 4264, that stated:

**This release letter acknowledges that the above-referenced account has been satisfied.  On behalf of Portfolio Recovery Associates, LLC, we appreciate your cooperation in resolving this matter.**

b. A letter dated July 11, 2008, from the Law Offices of Mann Bracken, another collection attorney hired by PRA, concerning the PRA debt beginning with 5490, that stated

**THIS WILL CONFIRM THAT YOUR ACCOUNT HAS BEEN SETTLED.**

c. A copy of an order issued by the Circuit Court of Cook County on May 20, 2008, dismissing a Citibank debt collection lawsuit against him concerning the Citibank debt beginning with 4428.

13.     Upon information and belief, Experian did not forward the proof of settlement to PRA or Citi.  Instead, Experian sent a generic electronic communication to the other defendants asking if their tradelines were correct.

14.     Upon information and belief, Experian forwarded an electronic tradeline reinvestigation request to Citi.

15.     Upon information and belief, Citi and PRA provided "updated" information for Experian to report on plaintiff's credit report, but the "updated" information was incorrect.

16.     Experian has provided plaintiff with multiple credit reports since the dispute in which incorrect information concerning these three tradelines was still being reported.

**17.**     Plaintiff has been damaged as a result of defendants' incorrect reporting.

### COUNT I – FCRA Section 1681s-2(b) - Citi

18.     Plaintiff incorporates all previous paragraphs.   This Count is against Citi.

19.     Defendant violated the FCRA 15 U.S.C. §1681s-2(b) by failing to rectify credit reporting errors brought to its attention through the FCRA process.

20.     Defendant willfully and/or negligently failed to accurately report plaintiff's credit card account after having conducted an investigation pursuant to section 1681s-2(b).

21.     Plaintiff was damaged by defendant's conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Citi for:

a.     Actual, statutory and punitive damages;

b.     Attorney's fees and costs of suit; and

c.     Any other relief the Court deems appropriate.

### COUNT II – FCRA Section 1681s-2(b) – PRA

22.     Plaintiff incorporates paragraphs 1-17.  This Count is against PRA.

23.     Defendant violated the FCRA 15 U.S.C. §1681s-2(b) by failing to rectify credit reporting errors brought to its attention through the FCRA process.

24.     Defendant willfully and/or negligently failed to accurately report plaintiff's credit card accounts after having conducted an investigation pursuant to section 1681s-2(b).

25.     Plaintiff was damaged by defendant's conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against PRA for:

a.      Actual, statutory and punitive damages;

b.      Attorney's fees and costs of suit; and

c.      Any other relief the Court deems appropriate.

### COUNT III – FDCPA – PRA

26.     Plaintiff incorporates paragraphs 1-17.   This Count is against Nordstrom.

27.     Credit reporting is a type of debt collection because it is has the purpose and effect of placing pressure on a debtor to pay outstanding debts.  *Sullivan v. Equifax*, 2002 U.S.Dist. LEXIS 7884 (E.D.Pa. Apr. 19, 2004) ("reporting a debt to a credit reporting agency is a powerful tool designed, in part, to wrench compliance with payment terms.").

28.     PRA was engaged in debt collection when it reported to Experian that plaintiff owed it money.

29.     PRA made a false statement in connection with collection of the debts of plaintiff when it reported to Experian that plaintiff owed it money when both debts had been settled.   These statements were also misleading and deceptive in

violation of 15 U.S.C. §§ 1692e, 1692e(8), and unfair and unconscionable under §1692f. Furthermore, it was inexcusable for PRA to report that the debts were still owed after having been put on notice through plaintiff's dispute that it was reporting the information incorrectly.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Nordstrom for:

a.   Actual and statutory damages;

b.   Attorney's fees and costs of suit; and

c.   Any other relief the Court deems appropriate.

### COUNT VI – FCRA Section 1681i – Experian

30.   Plaintiff incorporates all previous paragraphs.   This Count is against Experian.

31.   Credit bureaus such as Experian is required to "reinvestigate" credit report tradelines that consumers dispute, pursuant to 15 U.S.C. §1681i.

32.   Upon information and belief Experian failed to adequately reinvestigate plaintiff's disputes.

33.   Had it adequately reinvestigated the tradelines, Experian would have noticed the obvious errors and contradictions in their credit reporting.

34.   For example, a reasonable investigation would have included review of the court order dismissing Citi's case against plaintiff, and perhaps the court file for that case.

35.     Defendants' violations of section 1681i were either willful, or negligent.  15 U.S.C. §§1681n and 1681o.

36.     Plaintiff was damaged by defendant's actions and omissions.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Experian for:

a.     Actual, statutory and punitive damages;

b.     Attorney's fees and costs of suit; and

c.     Any other relief the Court deems appropriate.

**COUNT VII – FCRA Section 1681e(b) – Experian**

37.     Plaintiff incorporates all previous paragraphs.   This Count is against Experian.

38.     Credit bureaus are required to follow reasonable procedures designed to assure maximum possible accuracy of consumers' credit reports.

39.     Either Experian's procedures for conducting reinvestigations are not reasonable, or they did not follow the procedures it has with respect to plaintiff's disputes.   Either way, Experian violated 15 U.S.C. §1681e(b) with respect to plaintiff several times.

40.     Experian's violations of section 1681e(b) were either willful, or negligent.  15 U.S.C. §§1681n and 1681o.

41.     Plaintiff was damaged by these violations.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Experian for:

a.      Actual, statutory and punitive damages;

b.      Attorney's fees and costs of suit; and

c.      Any other relief the Court deems appropriate.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands a trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com